[Cite as *State v. Devoll*, 2023-Ohio-3574.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DANNY E. DEVOLL | : | Case No. CT2023-0015 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. CR2023-0002


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      October 2, 2023


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

TAYLOR P. BENNINGTON          RICHARD D. HIXSON
27 North Fifth Street                   3808 James Court
P.O. Box 189                          Suite 2
Zanesville, OH  43701           Zanesville, OH  43701

*King, J.*

{¶ 1} Defendant-Appellant Danny E. Devoll appeals the March 13, 2023 judgment of conviction and sentence of the Muskingum County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 25, 2022 Devoll and his child's mother, A.D. were driving to pick up their son and grandson. Muskingum County Sheriff's Deputy Cory May spotted the vehicle driven by Devoll and noted it displayed expired tags. May activated his overhead lights to initiate a traffic stop. Instead of immediately stopping, Devoll continued to drive for approximately three blocks after May had activated his overhead lights. Once he did stop, Devoll got out of the car and started walking away. May ordered Devoll to stop and Devoll complied. May then discovered there was an active domestic violence civil protection order between Devoll and his passenger A.D.

{¶ 3} On January 4, 2023, the Muskingum County Grand Jury returned an indictment charging Devoll with one count of violating a protection order with a prior conviction for the same.

{¶ 4} Devoll pled not guilty to the offense and elected to proceed to a jury trial which took place on March 9, 2023. The state called three witnesses including A.D, Deputy May, and the clerk of the Muskingum County Common Pleas Court.

{¶ 5} A.D. testified she requested and received a domestic violence civil protection order in September of 2021. She further stated that in early December of 2022 she and Devoll petitioned the court to remove the protection order and appeared before the court for a hearing. She stated she was advised at the end of the hearing that the

court would take the request under advisement and she would be notified of the court's decision via regular mail. A.D. testified that between the hearing and the day she and Devoll were pulled over, she had to move out of her apartment and was not permitted to retrieve her mail. She and Devoll therefore operated under the assumption that the protection order had been removed.

{¶ 6}   After hearing the evidence and deliberating, the jury convicted Devoll as charged. Devoll was subsequently sentenced to a 12-month prison term.

{¶ 7}   Devoll filed an appeal and the matter is now before this court for consideration, He raises two assignments of error as follow:

I

{¶ 8}  "THE JURY'S VERDICT AND SUBSEQUENT CONVICTION OF APPELLANT WAS BASED ON INSUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 9}  "APPELLANT'S SENTENCE WAS CONTRARY TO LAW, AS THE MAXIMUM SENTENCE WAS IMPOSED WITHOUT ADEQUATE CONSIDERATION OF THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING UNDER R.C. 2929.11."

I

{¶ 10} In his first assignment of error, Devoll argues the state failed to prove he recklessly violated the protection order. We disagree.

{¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v.*

*Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶ 12} Devoll was convicted of violation of a protection order pursuant to R.C. 2919.27(A)(1). That section provides in relevant part that no person shall recklessly violate the terms of a protection order issued pursuant to R.C. 3113.31. Devoll argues he did not act recklessly. R.C. 2901.22(C) defines the culpable mental state of reckless as:

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the

consequences, the person disregards a substantial and unjustifiable

risk that such circumstances are likely to exist.

{¶ 13} A.D. testified she understood when she and Devoll left the December 2022 hearing that the domestic relations court had made no decision regarding their request to lift the protection order, that it was still in effect when she left court that day, and that she would be informed by mail of the court's decision. Transcript of trial (T.) 86- 87. She further testified she was unable to receive her mail in December and she and Devoll therefore simply assumed the protection order had been lifted. T. 86.

{¶ 14} We find A.D.'s testimony overwhelmingly proves Devoll acted recklessly. We further find the jury did not lose its way in finding the same.

{¶ 15} The first assignment of error is overruled.

II

{¶ 16} In his final assignment of error, Devoll argues his 12-month sentence is excessive because his conviction was the result of a mistake and he never had a willful intention to violate the law. We disagree.

{¶ 17} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 18} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶ 19} The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. A sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2nd Dist. Montgomery No. 26307, 2016-Ohio-1269, ¶ 25.

{¶ 20} Before imposing sentence, the trial court noted this is Devoll's third felony conviction for violating a protection order and that he had recently been released from prison following the second such offense. T. 125-126. The trial court's sentencing entry further indicates it considered the principles and purposes of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors pursuant to R.C. 2929.12 before

imposing sentence. Devoll's 12-month sentence in within the authorized statutory range for a fifth-degree felony and Devoll does not argue otherwise.

{¶ 21} Devoll's subjective intent in violating the protection order is not relevant to an analysis of his sentence. The trial court complied with the applicable statutes and imposed a sentence within the statutory range. Devoll has therefore not shown by clear and convincing evidence that his sentence is not supported by the record or is contrary to law.

{¶ 22} The final assignment of error is overruled.

{¶ 23} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Delaney, J. concur.